## DANIELSON, Appellant, v. ALBERS et al., Respondents.

### (160 N. W. 734.)

(File No. 4023.    Opinion filed December 30, 1916.)

**Pleadings—Trusts—Fraud—Conveyance to Agent—Land Exchange— Breach of Contract—Compelling Re-conveyance—Sufficiency of Complaint.**

A complaint alleging that appellant employed respondents as agents to assist him in making an exchange of his land for other land, that pursuant thereto, appellant, on respondents' advice and to bring about the exchange, in writing contracted with the other land owner for the exchange, that respondents induced appellant to execute to them a warranty deed without consideration, and that they (instead of conveying to the other party) executed and permitted to be placed of record a mortgage on appellant's land, alleges a cause of action for re- conveyance of the title to his land to himself in the same condition it was when conveyed to respondents.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Nels Danielson, against Herman Albers, Ray McCullough, and another, to enforce reconveyance of land to plaintiff. From an order sustaining demurrer of the named defendants to the complaint, plaintiff appeals. Reversed.

*Bartine & Bartine,* for Appellant.

*House & Dyer,* for Respondents.

Appellant cited: Corpus Juris., Vol. 2, Secs. 354, 358.

Respondents cited: Sutherland, Code Pl., Book 4, p. 6890.

POLLEY, P. J. This action is brought for the purpose of compelling the defendants Albers and McCullough to reconvey to plaintiff a certain quarter section of land in Lyman county that had been conveyed to said defendants by plaintiff, and for damages alleged to have been occasioned by the execution of a

certain mortgage upon said land by the defendants Albers and McCullough to the defendant Richardson. Defendants Albers and McCullough demurred to said complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, from the order sustaining said demurrer, plaintiff appeals.

While the complaint is by no means a model pleading and contains much surplus matter, it is made to appear therefrom that appellant was the owner of a quarter section of land in Lyman county, and that he employed the respondents to act as his agents to assist him in making an exchange of said land for a quarter section of land in Clay county, Minn.; that respondents accepted said employment and proceeded therewith; that, acting upon the advice of respondents and with the intent to bring about the said exchange, appellant entered into a contract in writing with one A. F. Higbie for the exchange of said tracts of land. Appellant then alleges that respondents, as his agents, induced him to execute to them a warranty deed, for which he received no consideration, conveying the title to said land to the respondents, and that they (instead of completing the said transaction by conveying the said title to said Higbie) executed and permitted to be placed of record the mortgage above referred to. The giving of this mortgage was contrary to the purpose of their employment. The contract with Higbie contemplated the conveyance of the title to appellant's land to the said Higbie, and not that the same should become vested in the respondents. As between appellant and respondents, appellant had a right to terminate the employment of respondents and to demand a reconveyance of the title to his land in the same condition it was when it was conveyed to them.

Under the facts shown by the complaint and which are admitted by the demurrer, the appellant was clearly entitled to the relief demanded.

The demurrer should have been overruled, and the order appealed from is reversed.